REILLY, APPELLEE, *v.* CONTI, APPELLANT.

(No. 3495—Decided March 20, 1952.)

*Mr. William A. Mason,* for appellee.
*Mr. Joseph E. Julius,* for appellant.

GRIFFITH, J. The council of the city of Campbell enacted ordinance No. 50-1534 on October 31, 1950, as an emergency ordinance. At that time, there was pending in the Court of Common Pleas, an action wherein the court had temporarily enjoined the defendant from using the property in question as a funeral home, such use being in violation of the 1939 zoning ordinance of the city.

The Common Pleas Court, on September 30, 1950, found the 1939 ordinance invalid. On the same day, the city council published its 30-day notice, as required by Section 4366-11, General Code, of a public hearing to be held on October 31, 1950, as to a proposed new zoning ordinance. On October 31, 1950, an emergency clause was inserted in the ordinance, and it was thereupon passed as an emergency measure, effective immediately. Subsequently, the Common Pleas Court held the ordinance valid and permanently enjoined the defendant from the use desired.

In the case of *Geletka* v. *City of Campbell* (unreported), No. 3436, Court of Appeals for Mahoning County, this court held that an ordinance could have no retroactive force to prevent relator from having his full rights and use of the property up to the effective date of the ordinance. To quote:

"The question presented here is whether relator, at the time he instituted this mandamus action, which was before the zoning ordinance was attempted to be enacted, was then entitled to the writ prayed for."

In the case at bar, the Common Pleas Court found ordinance No. 50-1534 to be a constitutional, valid exercise of the police power of the city of Campbell, and that the defendant had not established a use of his residence as a funeral home before the effective date of the zoning ordinance.

Even though the emergency provision in ordinance No. 50-1534 did not state a reason for such emergency and it, therefore, lacked validity as an emergency enactment, nevertheless, if no proceedings to institute a referendum or other challenge is made until after the expiration of the time limited for such attack, such ordinance takes effect in the same manner as other regular ordinances after legal publication is made. *City of Youngstown* v. *Aiello,* 156 Ohio St., 32, 100 N. E. (2d), 62; and *Vansuch, Dir.,* v. *State, ex rel. Fetch,* 112 Ohio St., 688, 148 N. E., 232.

No referendum or other challenge having been made, it became a valid ordinance 30 days after its publication. The defendant contends that he challenged the ordinance by his pleading in this case. This is not the type of challenge contemplated in the court's expression in its opinion in *City of Youngstown* v. *Aiello, supra.*

From the record in this case, the defendant could not be said to be a nonconfirming user. The Court of Common Pleas was not in error in granting an injunction, and the judgment is affirmed.

*Judgment affirmed.*

NICHOLS, P. J., and PHILLIPS, J., concur.