THE STATE, EX REL. PARKER, *v.* KONOPKA, SUPT., ET AL.

(No. 5415—Decided December 18, 1963.)

*Mr. Charles L. Parker*, for relator.
*Mr. James Barbuto*, director of law, and *Mr. Anthony Tuccillo*, for respondents.

HUNSICKER, P. J. Murray S. Parker, as relator, filed an original action in this court, praying for a writ of mandamus to issue directing the Superintendent of Building Inspection and Regulation Division of the Department of Public Safety of the city of Akron, to issue to him a building permit to remodel and use a structure on real estate owned by relator for occupancy by three families.

Murray S. Parker, the relator, owns improved real estate at 24 Grand Avenue, Akron, Ohio, which property is now zoned for use as a two-family dwelling. Relator wishes to remodel this property for use as a three-family residence.

In June 1956, the Board of Zoning Appeals, on application of the then owners of the property located at 24 Grand Avenue,

granted to the then owners of that property a variance, the pertinent part of which reads as follows:

"* * *

"Resolved, that Appeal No. 32-1956-Z of Wm. and Ileen Lilley, owners, for permission to erect addition at rear of residence and retain four apartments on premises at 24 Grand Avenue in a Two-Family Residence District, be and the same is hereby granted in part; namely, that said appellant be permitted to retain three (3) families in said residence and be permitted to erect such an addition which would not provide facilities for more than three families in said residence and which would be built in accordance with all other requirements of the zoning ordinance, and said permit is hereby granted in accordance with this resolution in so far as the same varies the regulations of the zoning ordinance only."

Later, on application for reconsideration by the then property owner, the Board of Zoning Appeals entered the following order with respect to the property in question:

"On June 15, 1956, the board granted Mrs. Lilley permission to retain three families in her residence at 24 Grand Avenue. Since that time, Mrs. Lilley has had difficulty in conforming to the requirements of the building department for the necessary fire exits for the second floor. Mrs. Lilley therefore, on June 29, 1956, requested a reconsideration of her appeal for four families and also aid in providing an outside stairway to her home.

"Members of the board had inspected the property several times and were finally of the opinion that there was no new evidence to warrant reconsideration of this appeal. They further pointed out that it was not in their jurisdiction to interfere with the building code regulations as required for fire prevention, and made no decision on an outside stairway."

Mr. and Mrs. Lilley did nothing with the property to conform to the order of variance. This property later was purchased by relator, who now wishes to remodel such dwelling to conform to the order of variance theretofore granted.

The defendants say that a variance is personal, and does not run with the land. They also say that the Board of Zoning Appeals did not have authority to grant the variance. It is to these claims we direct our attention.

What is the life span of a variance, once granted by a Board of Zoning Appeals, but not acted upon by the then owners of the land?

We find no case in Ohio bearing on that point, but courts in other jurisdictions have discussed the problem. These courts have stated the general rule to be that: a grant of a variance runs with the land and is not a personal license given to the landowner. Zoning ordinances or regulations have reference to land use rather than to the persons who own the land. Thus, a variance is relief granted from a literal enforcement of a zoning ordinance, thereby permitting use of property in a manner otherwise forbidden by the terms of such ordinance or regulations.

In granting variances, a zoning board of appeals has been held to have a wide discretion. *L. & M. Investment Co.* v. *Cutler*, 125 Ohio St., 12.

We list herein a few of the cases from jurisdictions which have heretofore determined that a grant of a variance is not a personal license to the then property owner, but is a right that runs with the land.

*Clements* v. *Steinhauer*, 15 App. Div. (2d), 72, at 76, 221 N. Y. Supp. (2d), 793; *Mastrati* v. *Strauss*, 75 R. I., 417, 67 A. (2d), 29; *Cohn* v. *County Board of Supervisors of the County of Los Angeles*, 135 Cal. App. (2d), 180, 286 P. (2d), 836; *Hickerson* v. *Flannery*, 42 Tenn. App., 329, 302 S. W. (2d), 508; *Redford Moving & Storage Co.* v. *City of Detroit*, 336 Mich., 702, 58 N. W. (2d), 812. See, also, 8 McQuillin on Municipal Corporations (Third Ed. Rev.), 379-380, Section 25.163, and authorities there quoted.

The action herein must be distinguished from that line of cases involving building permits which may lapse because of nonuse within a fixed period. See: *State, ex rel. Cook,* v. *Turgeon, Bldg. Commr.*, 84 Ohio App., 287.

We therefore conclude, as to this phase of the instant action, that the variance granted Mr. and Mrs. Lilley runs with the land, and is not extinguished by reason of the subsequent transfer of the premises to the relator, Parker.

We now consider the claim that the Board of Zoning Appeals of the city of Akron did not have the power to grant the variance in question.

The Zoning Code of the city of Akron, in Section 1705.05, granting jurisdiction in variance applications, says, in its pertinent part:

"The board may in specific cases, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the use, height and area district regulations and the building line regulations, herein established, in harmony with their general purpose and intent as follows, and authorize the issuance of a permit for:

"* * *

"(i) A use or building within 100 feet of a less restricted district with such modifications of the regulations of the more restricted district as will tend to graduate or ease off the regulations of adjacent districts from one district to the other where an exact compliance with the regulations will result in undue hardship and a variance may be made without material damage to property in the more restricted district * * *."

Section 1705.06 of such Zoning Code, as it existed at the time the variance herein was granted, said:

"The foregoing enumeration of specific cases in Section 1705.05, in which the board is authorized to make variations shall not be deemed to prevent the authorization of other proper variations in cases not included in the enumeration. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this Zoning Code, the Board shall have power in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, to vary the application of any such provisions in harmony with the general purpose and intent of this Zoning Code so that the public health, safety and general welfare may be secured and substantial justice done."

A similar provision in the Zoning Code of the city of Cleveland was construed as follows:

"2. * * *

"Such zoning ordinance, by conferring upon said board as an administrative agency and as a fact-finding body the power of determining whether, in specific cases, practical difficulties or unnecessary hardships would result to the owner's zoned property, and, if so determined, the power to vary the strict application of the provisions of the zoning ordinance thereto, does not

constitute a delegation of legislative power within the purview of the Constitution. The board, upon finding that such difficulties or hardships would ensue in applying the strict letter of the ordinance provisions, may vary the application in accordance with the provisions of such sub-section, and may especially do so if it finds and assigns specific and adequate reasons therefor." *L. & M. Investment Co.* v. *Cutler*, 125 Ohio St., 12.

It is thus seen that the Board of Zoning Appeals had, by virtue of this authority, power to grant variances, not limited by subsection (i) of Section 1705.05. The reason for granting such broad powers to a Board of Zoning Appeals has been adequately stated in *L. & M. Investment Co.* v. *Cutler*, 125 Ohio St., 12, at p. 21, wherein the court said:

"* * * Manifestly the legislative body cannot fix any adequate standard or rule that would fit every individual case of hardship. That is impossible; and therefore the legislative body has confined the determination of that feature to an administrative agency—in this case the board of appeals—as a fact-finding body which could determine whether in any specific case unusual hardships might result if the strict letter of the ordinance were complied with."

See also: "Zoning—Delegation of Authority," 58 A. L. R. (2d), 1083, Section 6, at p. 1102 *et seq.*

For the reasons set out above, we must conclude that the grant of the variance herein was within the power possessed by the Board of Zoning Appeals.

We therefore determine that, since the variance runs with the land, and such variance was within the power of the Board of Zoning Appeals to grant, the writ should issue, ordering the defendants to issue a permit to relator to remodel the premises herein, subject to the rules and regulations of the Building Code of the city of Akron, Ohio.

*Writ allowed.*

DOYLE and STEVENS, JJ., concur.