CONGREGATION BRITH EMETH, APPELLEE, *v.* LIMBACH, TAX. COMMR., APPELLANT.

[Cite as Congregation Brith Emeth *v.* Limbach (1987), 33 Ohio St. 3d 69.]

(No. 85-2018—Decided November 4, 1987.)

Knepper, White, Arter & Hadden, Jacob I. Rosenbaum, Carter E. Strang, Kadish & Kratenz Co., L.P.A., Byron S. Krantz, Timothy J. Vara, Fred Siegel and Wayne E. Petkovic, for appellee.

Anthony J. Celebrezze, Jr., attorney general, Floyd J. Miller and Richard C. Farrin, for appellant.

*Per Curiam.* In her first proposition of law the commissioner objects to the language in the decision of the BTA which states that "[t]he Commissioner is not empowered to pass judgment on whether the applicant needs additional property."

The commissioner's authority to consider whether real property is or

should be exempt from taxation, including the amount of land necessary for the exempt use, flows from R.C. 5713.08, under which she must consent to additions to the exempt list of a county and may delete property that she believes not to be exempt:

"(A) The county auditor shall make a list of all real and personal property in his county * * * which is exempted from taxation. * * * It shall be corrected annually by adding thereto the items of property which have been exempted during the year, and by striking therefrom the items which in the opinion of the auditor have lost their right of exemption and which have been reentered on the taxable list. No additions shall be made to such exempt lists and no additional items of property shall be exempted from taxation without the consent of the tax commissioner as provided for in section 5715.27 of the Revised Code * * *. The commissioner may revise at any time the list in every county so that no property is improperly or illegally exempted from taxation. * * *"

When the statement of the BTA is read within the context of the decision, it does not appear that the BTA intended to find that the commissioner has no power to rule on the extent of the property which may be exempted. The BTA appears to have attempted to emphasize its belief that, once an exemption is granted for a tract of land, the commissioner may not refuse to add another tract to that grant of exemption if the uses of both properties are the same. The BTA is simply encouraging the commissioner to be consistent in her rulings. The commissioner does have the authority to review requests for exemptions of real property from taxation in the first instance, but the BTA is empowered to review her decision. While we agree with the commissioner in her proposi-

tion of law, we do not regard the statement of the BTA to infer what she infers, and we do not regard this as error.

Next, the commissioner challenges the BTA's decision, stating that it erred by holding that aesthetic beauty is a basis upon which an exemption may be granted under R.C. 5709.07, which states in pertinent part:

"* * * [H]ouses used exclusively for public worship, the books and furniture therein, and the grounds attached to such buildings necessary for the proper occupancy, use, and enjoyment thereof, and not leased or otherwise used with a view to profit, * * * shall be exempt from taxation. * * *"

The BTA summarized its description of the property in the following manner:

"The added land added aesthetic qualities to the existing site. It also served as a sound barrier as well as providing a wooded back drop for outdoor services and congregational activities."

The BTA, in its finding, determined that the property was used in the same manner as the exempted eleven acres, that is, for the conducting of public worship activities, and was not leased or used with a view to profit.

The commissioner premises her argument with the incorrect statement that the BTA held that aesthetic beauty is a basis upon which an exemption may be granted. The BTA noted that the parcels added aesthetic qualities to the existing site, but it found that the property served as a sound barrier as well as provided a wooded backdrop for the outdoor services and congregational activities taking place on the property.

Our review is limited to determining whether the decision of the BTA is reasonable and lawful, as this court

does not act as a trier of fact *de novo*. *Episcopal Parish* v. *Kinney* (1979), 58 Ohio St. 2d 199, 12 O.O. 3d 197, 389 N.E. 2d 847; *Moraine Hts. Baptist Church* v. *Kinney* (1984), 12 Ohio St. 3d 134, 12 OBR 174, 465 N.E. 2d 1281.

There is sufficient evidence of record to support the decision of the BTA that this property functions as a sound barrier to the noise of traffic travelling by the property. For the outdoor services to be appreciated, it is certainly important to hear them. Further, the property serves as a wooded backdrop for the outdoor services. Being supported by sufficient evidence of record, the decision of the BTA to exempt the property is not unreasonable or unlawful, and it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.