CASH, Appellee,

v.

BROOKSHIRE UNITED METHODIST CHURCH et al., Appellants.

[Cite as *Cash v. Brookshire United Methodist Church* (1988), 61 Ohio App.3d 576.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–70.

Decided Dec. 6, 1988.

*Stephen E. Maher* and *Robert A. Carter,* for appellee.

*Frederick L. Berkemer,* for appellants.

BOWMAN, Judge.

In April 1970, appellee, William F. Cash, moved into a house at 1158 South Harris Avenue, where he continues to reside. At the time appellee moved in, the land across the street was vacant. Several months later, members of appellant, Brookshire United Methodist Church, began construction of a baseball diamond. Appellee complained to the minister and the church's board of trustees, but no action was taken. Each year since the baseball diamond was constructed, appellee has complained to the church and various city officials.

It is the fundamental tenet of the Methodist Church that worship involves not only religious services, but reaching out into the community through sponsorship of activities such as scouting, Little League and Head Start

programs. As part of the Brookshire United Methodist Church's ministry, it cosponsors the Brookshire Baseball Association by providing land to be used as a baseball field. Some members of the congregation are part of the Brookshire Baseball Association and some of the church youth play on the team. The church maintains the area by mowing the grass. The program for the Brookshire Baseball Association states on its front page:

"The Board of Directors of the Brookshire Baseball Association wish to express their heartfelt appreciation to Brookshire United Methodist Church, its Minister, Reverend Raymond L. Wiblin, the Board of Trustees and to the entire Congregation for making our baseball program possible. Again we wish to thank you."

The baseball program sponsored by appellant is for children from ages six to twelve years. The number of games played on the church field varies, but averages about four games a week and the games are played from 6 to 8 p.m., and Saturday mornings. The season officially begins in early May, although the teams start practicing in April if weather permits, and the season ends in late June. When not in use by the Brookshire Baseball Association, the field and baseball diamond are used by the general public for playing ball, practicing golf, and are used by the church for picnics, football games and basketball. In an effort to reduce parking problems in front of appellee's house, the city has installed "No Parking" signs and the baseball association puts orange pylons in front of appellee's property during games. The area is zoned suburban residential.

In 1986, appellee filed an action to enjoin the use of appellant's property for purposes of playing Little League baseball on the basis that such a use was a violation of the city zoning ordinances, Chapter 3335, Columbus City Code.[1] The matter was referred to a referee who, after a trial, recommended that the injunction be granted. The trial court overruled appellant's objection to the referee's report and enjoined use of the property for public Little League baseball, although it allowed continued use of the land for church activities. Appellants set forth the following assignments of error:

"I. The trial court erred when it decided as a matter of law that Appellant's use of its church property for a little league baseball field was not a lawful use under the zoning code which was in effect when this use began in 1970.

---

1. At the time appellee's complaint was filed in July 1986, Chapter 3335 was the applicable zoning ordinance. However, the chapter was amended and renumbered as Chapter 3332, Columbus City Code in August 1986, and all citations are to Chapter 3332, Columbus City Code, as no other changes were made that are applicable to the facts of this case.

"II. The trial court erred when it decided as a matter of law that Appellant's use of its church property for a little league baseball field was not a lawful 'permitted use' under the current City of Columbus zoning code.

"III. The trial court erred when it decided as a matter of law that Appellant's use of its church property for a little league baseball field was not a lawful 'accessory use' under the current City of Columbus zoning code.

"IV. The trial court erred in basing its decision upon irrelevant evidence regarding real property tax exemption statutes, and upon finding that the Ohio Board of Tax Appeals determined that the baseball field is not 'necessary' for the proper use and enjoyment of the church building."

In their objection to the referee's report and recommendation, as well as before this court, appellants argue that the baseball field was a permitted use under the 1970 Columbus zoning ordinances and, therefore, is a permitted nonconforming use. In *Reilly v. Conti* (1952), 93 Ohio App. 188, 50 O.O. 415, 112 N.E.2d 558, the court held, at paragraph two of the syllabus:

"Where, after the enactment of a zoning ordinance, an owner claims the right to use his property in a manner not conforming to such ordinance, such owner must show that such nonconforming use was established prior to the effective date of the ordinance."

Here, appellants did not introduce any evidence of what the zoning ordinance was in 1970. Even if the court took judicial notice of the zoning ordinance in effect in 1970 (Civ.R. 44), no evidence was offered as to whether the area in question was zoned suburban residential, or whether the area was located in the city of Columbus in 1970. Appellants' first assignment of error is overruled.

Appellants' second and fourth assignments of error are related and will be considered together.

■ Appellee filed an action to enjoin a violation of the Columbus City Code pertaining to suburban residential zoning. The proof necessary to obtain an injunction must be clear and convincing and, upon review of the record, we find appellee failed to maintain his burden of proof.

■ Zoning ordinances are in derogation of the common law. They deprive a property owner of uses of his land to which he would otherwise be entitled and, therefore, when interpretation is necessary, such enactments are normally construed in favor of the property owner. *In re Appeal of University Circle, Inc.* (1978), 56 Ohio St.2d 180, 10 O.O.3d 346, 383 N.E.2d 139. Statutes or ordinances which impose restrictions upon the use of private property will be strictly construed and their scope cannot be extended to include limitations not clearly prescribed. *State, ex rel. Moore Oil Co., v.*

*Dauben* (1919), 99 Ohio St. 406, 124 N.E. 232; *State, ex rel. Spiccia, v. Abate* (1965), 2 Ohio St.2d 129, 31 O.O.2d 228, 207 N.E.2d 234. Zoning ordinances have reference to the use of land rather than who owns the land. *State, ex rel. Parker, v. Konopka* (1963), 119 Ohio App. 513, 28 O.O.2d 133, 200 N.E.2d 695. The following provisions of the Columbus Zoning Code are pertinent to this decision.

"3303.60 Premises.

" 'Premises' means land and everything of a permanent nature which may be owned."

"3332.01 Residential districts.

"The R–Rural District and LRR Limited Rural, RRR Restricted Rural, RR Rural, SR Suburban, R–1, R–2, R–3, R–2F, and R–4 Residential Districts, established by Chapter 3309, are regulated by the provisions of this Zoning Code and by the general and specific provisions of this chapter pertaining thereto. Each use in each such district shall comply therewith."

"3332.029 SR Suburban Residential District use.

"Within an SR Suburban Residential District no buildings or premises shall be used and no buildings shall be erected which are arranged, intended or designed to be used for other than one single-family dwelling located on a lot of record containing no less than seventy-two hundred (7,200) square feet, or for one or more of the following specified uses:

"(1) A farm or other agricultural pursuit.

"(2) A church.

"(3) A kindergarten if in connection with a school, as defined in Chapter 3303, C.C., on school grounds or if in connection with a church on church grounds.

"(4) A school as defined in Chapter 3303, C.C.

"(5) A public playground.

"(6) A public park.

"(7) A truck garden and related field crops, general gardening, nursery and/or greenhouse.

"(8) A project specifically designed for watershed protection or conservation of soil or both."

The ordinance therefore regulates not only the types of buildings and uses of those buildings, but also the use of land within a particular zoning classification. The trial court, in its decision, found the zoning allowed only

construction of a church and that a baseball field was not necessary to church operation. The Columbus Zoning Code does not define "church" or "church use." Although it was not clearly stated, the trial court appears to suggest that a church is only a building and any use of the building or land adjacent must be necessary to the operation of that building as a church. We disagree.

The Ohio Supreme Court has not considered what constitutes a church use in the context of zoning laws; however, the courts of other states have done so and we find their analysis persuasive. In *Community Synagogue v. Bates* (1956), 1 N.Y.2d 445, 154 N.Y.Supp.2d 15, 136 N.E.2d 488, the court stated, at 453, 154 N.Y.Supp.2d at 21, 136 N.E.2d at 493:

" * * * A church is more than merely an edifice affording people the opportunity to worship God. Strictly religious uses and activities are more than prayer and sacrifice and all churches recognize that the area of their responsibility is broader than leading the congregation in prayer. Churches have always developed social groups for adults and youth where the fellowship of the congregation is strengthened with the result that the parent church is strengthened. * * * To limit a church to being merely a house of prayer and sacrifice would, in a large degree, be depriving the church of the opportunity of enlarging, perpetuating and strengthening itself and the congregation. * * * "

In *Bd. of Zoning Appeals v. Schulte* (1961), 241 Ind. 339, 172 N.E.2d 39, the court held that a school and residences for nuns and priests could be constructed in a residential neighborhood and stated, at 346, 172 N.E.2d at 42:

"In this state it has been decided that facilities that go with the church of the particular denomination may not be excluded if the church is admittable. For example, a recreation building and playground in connection with the Meridian Street Methodist Church (*Keeling v. Board of Zoning Appeals*, 1946, 117 Ind.App. 314, 69 N.E.2d 613) and a 'sisters' home' for the teachers in a Catholic church-school (*Board of Zoning Appeals, etc. v. Wheaton*, 1948, 118 Ind.App. 38, 76 N.E.2d 597, 601). In the latter case it is said:

" 'We are of the opinion that a convent or "sisters' home" must be considered an integral part of any Roman Catholic church project, which is composed of four component parts, *viz.:* church, priests' mansion, a "sisters' home," and school.' "

In *Corp. of Presiding Bishop v. Ashton* (1968), 92 Idaho 571, 575, 448 P.2d 185, 189, the court held that a lighted recreational field for softball games was as a church use, since "[t]he testimony in the record is uncontradicted that the Church conducts' recreational activities as an official part of its program of worship. * * * It is our opinion that the reasonable use of a recreation field in connection with the activities of a church located on the property is not

objectionable under Ordinance 852. * * * " Likewise, in this case, the unrebutted testimony of Reverend Wiblin was that part of the Methodist faith experience was involvement in a church-sponsored athletic program.

■ Since zoning ordinances are to be construed in favor of the property owner, and in favor of the free use of property, we find that activities such as sponsoring a Little League baseball program on land owned by, and adjacent to, the Brookshire United Methodist Church are incidental to, and form a part of, the public worship program of appellant, and are permitted under the city zoning ordinances as a church use.

■ In determining that a baseball field was not a necessary use, the trial court adopted the referee's report which, in turn, had adopted appellee's proposed findings of fact. Those findings were premised on the conclusion that since Brookshire United Methodist Church had been denied a tax exemption for the baseball field as not being necessary for purposes of public worship, it was not a permitted use within a suburban residential zoning. However, statutes allowing a tax exemption for " * * * houses * * * for public worship * * * and the ground attached to them * * * necessary for their proper occupancy, use, and enjoyment thereof * * * " (R.C. 5709.07) are to be strictly construed against the taxpayer/property owner (the church), whereas zoning ordinances are to be construed in favor of the property owner. *In re Bond Hill–Roselawn Hebrew School* (1949), 151 Ohio St. 70, 38 O.O. 527, 84 N.E.2d 270; *In re University Circle, supra.* Therefore, the trial court applied the wrong standard in determining whether the use by appellants of the land for a baseball field was a church use.

In *Faith Fellowship Ministries, Inc. v. Limbach* (1987), 32 Ohio St.3d 432, 513 N.E.2d 1340, the court denied a tax exemption for a building owned by a church and used for a cafeteria and gymnasium on the basis that such a use was not primarily for public worship as required by R.C. 5709.07.[2] However, the court did recognize that such uses were supportive of public worship and, hence, a church use. In *In re Bond Hill–Roselawn Hebrew School, supra,* the court stated, 151 Ohio St. at 72–73, 38 O.O. at 528, 84 N.E.2d at 272:

---

2. Although required to follow the opinion of the court, we note the dissenting opinion of Justice Locher, in which Justices Wright and H. Brown concurred, which states, 32 Ohio St.3d at 438–439, 513 N.E.2d at 1346:
  "The life style of the people of Ohio has changed a great deal over the years, and the nature of public worship has changed with it. Formal church services today constitute only a portion of the worship experience, which now encompasses religious retreats, camps, athletics, and other social and recreational activities. Because these activities are a part of modern public worship, the church facilities used in connection with them should not be deprived of tax-exempt status merely because they are not used primarily for religious rites and ordinances."

"There are many activities conducted in church buildings which do not constitute public worship but which are designed to encourage people to use the church for public worship. The use of a room in the church to entertain young children while their parents attend church services is not a use for public worship. The use of the church building for meetings of boy scouts is not a use for public worship. The use of part of the building for the preparation of food for a church supper and the eating of such food are not uses for public worship. * * * "

In *Congregation Brith Emeth v. Limbach* (1987), 33 Ohio St.3d 69, 514 N.E.2d 874, the court granted a tax exemption to a parcel of land containing a grove of trees on the basis that the property formed a sound barrier for congregational activities as well as religious services.

Thus, while applying the rule of strict construction to deny tax exemptions, the Ohio Supreme Court has recognized uses such as a gymnasium, a building to house a caretaker and his family, and landscaping as church uses.

Appellants' second and fourth assignments of error are sustained.

◼ In appellants' third assignment of error, they contend that a baseball field is an accessory use and, therefore, permitted within a suburban residential zoning. "Accessory use" is defined in Section 3332.34, Columbus City Code, as follows:

"An accessory use customarily incident to a use permitted in an R–Rural, LRR, RRR, RR, SR, R–1, R–2, R–3, R–2F or R–4 Residential District shall be permitted in such district, respectively, subject to the limitations stated in this chapter or elsewhere in this Zoning Code, and shall not be such as to infringe upon the residential character of the district."

Again, the unrebutted testimony of Reverend Wiblin was that other churches within the same area have baseball fields, including some Catholic Churches, Pleasantview Baptist Church, and St. Mark's United Methodist Church. Appellee's argument that the other baseball fields are associated with schools is without merit. On cross-examination, Reverend Wiblin was asked:

"Q. Fine. I believe you previously testified that—in response to questions from Mr. Berkemer, that you were aware that Catholic Churches have baseball diamonds in the area, it that correct?

"A. That is correct.

"Q. Reverend Wiblin, aren't those Catholic Schools?

"A. Not all of them."

Further, there was no evidence that appellants' baseball field infringed on the residential character of the neighborhood. In addition to other baseball fields adjacent to churches in the same area, there are baseball fields adjacent to various schools and baseball fields at Westgate Park. Further, there was no evidence in the record of a significant difference, and we can discern no significant difference, between the baseball field owned by appellants and a public park or public playground; yet all of these are permitted uses within the same zoning classification as the Brookshire United Methodist Church. Appellants' third assignment of error is sustained.

For the foregoing reasons, appellants' first assignment of error is overruled, appellants' second, third, and fourth assignments of error are sustained, and the judgment of the trial court is reversed.

*Judgment reversed.*

McCORMAC and KOEHLER, JJ., concur.

RICHARD N. KOEHLER, J., of the Twelfth Appellate District, sitting by assignment.