FULL GOSPEL APOSTOLIC CHURCH, D.B.A. GROVEPORT APOSTOLIC CHURCH CENTER, APPELLANT, *v.* LIMBACH, TAX COMMISSIONER, APPELLEE.

[Cite as Full Gospel Apostolic Church *v.* Limbach (1989), 46 Ohio St. 3d 195.]

(No. 88-487—Submitted September 13, 1989—Decided November 15, 1989.)

*Stephen Swaim,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Floyd J. Miller, Jr.,* for appellee.

*Per Curiam.* The BTA found insufficient reasons to exempt more than seven acres of appellant's fifty-four acre tract. Necessarily, we are limited to deciding whether the BTA's decision is "reasonable and lawful." R.C. 5717.04. We hold that it is.

On appeal, appellant first argues that the forty-seven acres should be exempt under R.C. 5709.07 as ground attached to a house of public worship "necessary for the proper occupancy, use, and enjoyment thereof, and not leased or otherwise used with a view to profit * * *." (1953 Code Revision.) Its pastor testified that revival meetings are conducted every year on this property, which take up "the biggest portion of it because we have people all throughout the back portion and their cars are parked all over the place to get back there." Appellant also argues that the forty-seven acres should be exempt as a sound barrier to protect neighbors from the noise of its Pentecostal meetings, which are sometimes conducted outside.

In *Faith Fellowship Ministries, Inc.* v. *Limbach* (1987), 32 Ohio St. 3d 432, 513 N.E. 2d 1340, we held that in determining a property's primary use we would not simply measure the "amount of time property is used in a taxable *vis-a-vis* a nontaxable use," but would look to see whether the property is "used in a principal, primary, and essential way to facilitate the public worship." *Id.* at 437, 513 N.E. 2d at 1345. Thus, in this case, it would not be necessary for appellant to show an exempt use of property for a majority of the time. However, we hold that on this record, appellant has failed to establish its claim to an exemption.

Clearly, the use of the forty-seven acres for outdoor revivals and congregational services is sporadic. Neither the BTA nor we were provided quantitative data on its use. Furthermore, part of the forty-seven acres was normally used for recreation and part of it was farmed for profit during the tax years for which exemption was sought.

Accordingly, appellant did not establish that the forty-seven acres were "used in a principal, primary, and

essential way to facilitate the public worship." *Faith Fellowship, supra.*

In *Congregation Brith Emeth* v. *Limbach* (1987), 33 Ohio St. 3d 69, 514 N.E. 2d 874, we did approve the exemption of three acres which served as a buffer against traffic noise. However, here, appellant claims exemption for a parcel nearly sixteen times as large which serves to protect neighbors against the noise its congregation makes. An insulation theory might be sustained upon presentation of proper evidence, but the record does not support it here.

The decision of the BTA is reasonable and lawful, and it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in judgment only.