I must respectfully dissent from the decision reached by the majority in this case.
In accordance with the definition of accessory use under Section 12.10 of Article I of the Youngstown Zoning Ordinances, The Beatitude House sought to convert the former living quarters for fifteen nuns into five apartments for homeless women and quarters for a resident director as a part of its transitional housing program. The trial court affirmed the decision of the Youngstown Board of Zoning Appeals, granting The Beatitude House a permit to operate its program in the former convent building on property owned by the Catholic Diocese of Youngstown.
I agree with the trial court and court magistrate that "[w]hen a church is permitted use in a residential district, what is an accessory use is not limited to the customary and incidental use of a residence but is determined by the use of the church. Cash v. Brookshire United Methodist Church (1988),61 Ohio App.3d 576." (Magistrate's Decision filed September 15, 1997, 4).
The building in question which The Beatitude House wished to remodel into five apartments was previously utilized as a dwelling unit for fifteen nuns. Once remodeled, such building would be utilized for the same purpose, as a dwelling unit, only to different types of individual inhabitants. As the trial court and court magistrate noted, "* * *, sheltering and feeding the homeless are part of the religious expressions and practices of a religious community as accessory uses and are constitutionally propered (sic)." (Magistrate's Decision filed September 15, 1997, 10).
The purpose for which the building in question is to be utilized fulfills a societal need and will serve fewer persons than its present use as a pre-school facility. There was no evidence presented in this case to show a compelling governmental or neighborhood interest which would justify a refusal of the permit requested by The Beatitude House. Therefore, public policy would dictate that when the building in question had been utilized as a dwelling unit in the past, it can and should be utilized as a dwelling unit again. Given the purpose for which the accessory use permit was requested, I would affirm the decision of the trial court.
APPROVED:
 _________________________________ EDWARD A. COX, PRESIDING JUDGE