OPINION
{¶ 1} The Board of Nelson Township Trustees (the "Board") appeals the decision of the Portage County Court of Common Pleas finding that Dale Soinski ("Soinski") was not in violation of a consent judgment for operating a shooting range under his conditional use permit. For the reasons set forth below, we affirm the trial court's decision in this matter.
 {¶ 2} In 1997, Soinski purchased approximately 1,600 acres of land in Wyndham and Nelson Township. The property is zoned open-conservation land Pursuant to section 605 of the Nelson Township Zoning Resolutions, permitted uses for this land include "wildlife refuge" and "game preserve."
 {¶ 3} On March 17, 1998, the Board filed a civil complaint in the court of common pleas seeking to enjoin Soinski from using the property as a shooting range. A trial was conducted on April 6, 1999, and Soinski was enjoined from discharging or permitting the discharge of any firearm chambering a fifty caliber Browning machine gun cartridge or any other firearm producing similar or greater noise. Soinski was also enjoined from operating a shooting range on his property unless and until he obtained the necessary permits.
 {¶ 4} On February 7, 2000, Soinski applied for a conditional use permit for purposes of a shooting range. The Nelson Township Board of Zoning ("BZA") denied his application. On February 14, 2000, the parties entered into a consent judgment, which provided that:
 {¶ 5} "1. Defendant shall not discharge or allow the discharge of any firearm chambering a fifty caliber (.50) Browning machine gun cartridge or any firearm or explosive device producing similar or greater noise anywhere in his property; and
 {¶ 6} "2. Defendant shall not operate a shooting range in his property prior to obtaining a valid zoning certificate from Nelson Township; and
 {¶ 7} "3. By February 18, 2000, Defendant may apply to the Nelson Township board of zoning appeals for a conditional zoning certificate under Section 605.2.B.4 for a recreational facility use with respect to future uses that involve the discharge of firearms on his property.
 {¶ 8} "Conditions 1 and 2 shall remain in effect until Defendant is granted a zoning certificate as described in Condition 3. If Defendant does not comply with Condition 3, or if he does comply, but does not obtain such a certificate, Conditions 1 and 2 shall remain in effect until further order of this Court.
 {¶ 9} "Noncompliance with Conditions 1 and 2, upon proper motion by Plaintiff, shall be punished as contempt of court."
 {¶ 10} On March 2, 2000, the Board filed a motion to show cause, alleging that Soinski had fired .50 caliber machine guns on the property in violation of the consent judgment.
 {¶ 11} On January 28, 2001, Soinski applied for a conditional use permit for the purposes of a "game preserve; wildlife refuge and hunting club" ("game permit"). The BZA held hearings in February and April 2001. Soinski's application was granted on April 11, 2001, with no conditions placed on the permit. Around the same time, Soinski applied for permits to use his property as a campground and a golf driving range. These permits were also granted by the BZA. The BZA, however, placed explicit conditions on the permits for the campground and driving range.
 {¶ 12} On June 21, 2002, the Board filed a motion to show cause, alleging that Soinski discharged .50 caliber machine guns on his property, that the property was being utilized as a shooting range in violation of the permit, and that Soinski must show "substantial compliance" with the sound abatement requirements for a shooting range pursuant to the Ohio Administrative Code. Soinski filed a motion for sanctions for frivolous conduct, as well as a motion to declare him in compliance with the consent judgment on August 9, 2002.
 {¶ 13} A hearing was held pursuant to R.C. 2705.05 on September 9, 2002. The magistrate found that the Board's conduct was in good faith and was not frivolous. The magistrate further held that "the definition of a shooting range [as contained in R.C. 1533.83] is very similar to the conditional use that the BZA approved." Thus, the magistrate found that "the BZA's decision on its face granted to Soinski a conditional use permit to operate a shooting range, with no special conditions or precautions attached to such use, regardless of the subjective intent of an individual BZA member." The magistrate further found that Soinski was in compliance with the consent judgment and, therefore, the conditions of the consent judgment were no longer in effect.
 {¶ 14} The Board filed objections to the magistrate's decision on September 24, 2002. On November 1, 2002, the trial court overruled the Board's objections and adopted the magistrate's decision. The Board timely appealed and raises the following assignments of error:
 {¶ 15} "[1.] The trial court's determination that the conditional use permit granting a `game preserve, wildlife refuge, and hunting club' effectively granted the appellee a permit to operate a shooting range on the subject property is against the manifest weight of the evidence.
 {¶ 16} "[2.] The trial court abused its discretion in holding that the language of the conditional use permit fell within the definition of a shooting range pursuant to Ohio Revised Code Section 1533.83."
{¶ 17} The Board argues in its first assignment of error that thetrial court erred for failing to consider the intent of the BZA regardingSoinski's operation of a shooting range when it granted the game permit,as evinced by the BZA's previous denial of a shooting range permit.Thus, the Board asserts, the BZA never intended the game permit toencompass a shooting range. In essence, the Board argues that the gamepermit was issued with an implicit condition that Soinski was not to usethe land as a shooting range.
 {¶ 18} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. In reviewing a manifest weight argument, the trial court's"determination of credibility of testimony and evidence must not beencroached upon by a reviewing tribunal * * *." Seasons Coal Co., Inc.v. Cleveland (1984), 10 Ohio St.3d 77, 81. Thus, there is a presumptionthat the findings of fact as determined by the trier of fact arecorrect. State ex rel. Pizza v. Strope (1990), 54 Ohio St.3d 41, 46(citation omitted).[1]
 {¶ 19} Although the Board argues that the trial court failed toconsider the BZA's intent as evinced by its denial of Soinski'sapplication for a conditional use permit for a shooting range, themagistrate's decision clearly reflects that she took this intoconsideration. In making her findings, the magistrate specifically statedthat the Board "had previously denied Soinski's application for aconditional use permit to operate a `shooting range,' citing noise andsafety issues as some of the bases for its denial of the application. Amember of the BZA testified that it was not the intent of the BZA toallow target shooting or a shooting range on the property. Because the[Board] did not believe it granted Soinski a conditional use permit for ashooting range, it believed that the conditions of the consent judgmentwere still in effect." Thus, the Board's assertion that the trial courtfailed to consider the BZA's intent is erroneous.
 {¶ 20} "The very nature and purpose of a conditional zoning permitis to allow regulation of a permitted use in light of its effect on thehealth, safety, and welfare of the public." Standard Oil Co. v.Tallmadge (Apr. 17, 1991), 9th Dist. No. 14791, 1991 Ohio App. LEXIS1750, at* 11. "[R]estrictions [placed] upon the use of private propertywill be strictly construed and their scope cannot be extended to includelimitations not clearly prescribed." Cash v. Brookshire United MethodistChurch (1988), 61 Ohio App.3d 576, 579, citing State ex rel. Moore OilCo. v. Dauben (1919), 99 Ohio St. 406. Thus, to properly imposeconditions on a zoning permit, a permit must explicitly state theconditions imposed. See Solid Rock Ministries Internatl. v. Monroe Bd. ofZoning Appeals (2000), 138 Ohio App.3d 46, 55-56. The failure to do sowill render a finding that a permit was issued without conditions.
 {¶ 21} In this case, the BZA failed to expressly impose anyrestrictions on the game permit. Since, as discussed above, the failureto explicitly state the conditions placed on a permit is sufficient tosupport a finding that a permit was issued without conditions, we findthat there was competent and credible evidence before the magistrate tosupport her decision that the permit was issued as such. The Board'sfirst assignment of error is, therefore, without merit.
 {¶ 22} Thus, the only issue remaining is whether the game permit,on its face, allows Soinski to operate a shooting range, which we willnow address in the Board's second assignment of error. The Board arguesthat the trial court abused its discretion in finding that by grantingthe game permit, the BZA ostensibly granted a permit for the operation ofa shooting range.
 {¶ 23} An abuse of discretion consists of more than an error of lawor judgment. Rather, it implies that the court's attitude isunreasonable, arbitrary or unconscionable. Berk v. Matthews (1990),53 Ohio St.3d 161, 169 (citation omitted). Reversal, under an abuse ofdiscretion standard, is not warranted merely because appellate judgesdisagree with the trial judge or believe the trial judge erred. Id.Reversal is appropriate only if the abuse of discretion renders "theresult * * * palpably and grossly violative of fact and logic [so] thatit evidences not the exercise of will but perversity of will, not theexercise of judgment but defiance thereof, not the exercise of reason butrather of passion or bias." State v. Jenkins (1984), 15 Ohio St.3d 164,222 (citation omitted).[2]
 {¶ 24} "Zoning ordinances are in derogation of the common law. They deprive a property owner of uses of his land to which he would otherwise be entitled and, therefore, when interpretation is necessary, such enactments are normally construed in favor of the property owner." Cash,61 Ohio App.3d at 579, citing In re Appeal of Univ. Circle, Inc.,
(1978), 56 Ohio St.2d 180; Cicerella, Inc. v. Jerusalem Twp. Bd. ofZoning Appeals (1978), 59 Ohio App.2d 31, 35 (courts must "liberally constru[e] the terms and language in favor of the permitted use"). R.C.1533.83(B) defines shooting range as "a facility operated for the purpose of shooting with firearms or archery equipment, * * * including, but notlimited to, commercial bird shooting preserves and wild animal huntingpreserves." (Emphasis added.) The permit issued in this case was for a "game preserve; wild life refuge, and hunting club." (Emphasis added.)
{¶ 25} In comparing the language of the game permit with thedefinition of shooting range, we agree with the magistrate that "thedefinition of a shooting range is very similar to the conditional usethat the BZA approved." Moreover, the language used in R.C. 1533.83(B)("including, but not limited to") expresses an intent that the enumeratedexamples ("commercial bird shooting preserves and wild animal huntingpreserves") are a non-exhaustive list. Thus, construing the language ofR.C. 1533.83(B) and the vernacular utilized in the game permit in favorof Soinski, we cannot find that the trial court abused its discretion infinding that the game permit, on its face, granted Soinski a conditionaluse permit to operate a shooting range.
 {¶ 26} The Board's second assignment of error is, therefore,without merit.
 {¶ 27} For the foregoing reasons, we conclude that the Board'sassignments of error are without merit. The decision of Portage County Court of Common Pleas is affirmed.
Judgment affirmed.
 CYNTHIA WESTCOTT RICE, J., concurs.
 WILLIAM M. O'NEILL, J., dissents with a dissenting opinion.
[1] {¶ a} Although the dissent argues that both the trial court and the majority in this case failed to apply the applicable standard of review, it is the dissent that applies the incorrect standard or review. The dissent incorrectly maintains that the underlying action in the Portage County Court of Common Pleas was an administrative appeal. Thus, the dissent claims, the "appropriate standard of review to be applied by the court of common pleas was whether the Board's decision is supported by a preponderance of reliable, probative, and substantial evidence." The dissent then asserts that this court is "limited to determining whether the common pleas court correctly applied that standard of review."
{¶ b} A review of the record, however, reveals that this case originated as a civil matter in the court of common pleas, rather than from any order, adjudication, or decision of the Board. The Board originally filed a civil complaint seeking to enjoin Soinski from utilizing his property as a shooting range, arguing such use was a public nuisance. After a trial was conducted in the court of common pleas and Soinski was enjoined from operating a shooting range, the parties entered into a consent judgment. The basis of this appeal was the trial court's decision on the Board's motion, pursuant to R.C 2705.01 et seq., to show cause why Soinski should not be held in contempt for failing to comply with the consent judgment. Thus, the proceeding in the trial court was not an appeal of an administrative "order, adjudication, or decision." R.C. 2506.04. Rather, this appeal was the result of a hearing conducted pursuant to R.C. 2705.05 in the court of common pleas declaring Soinski in compliance with the consent judgment. Since both the original action and the hearing on the motion to show cause originated in the court of common pleas, the procedures and standards of review applicable to an administrative appeal are inapplicable in this case. See, generally,Pizza v. Sunset Fireworks Co., Inc. (1986), 25 Ohio St.3d 1.
[2] See fn. 1.