In re Appeal of University Circle, Inc.: University Circle, Inc., Appellant, v. City of Cleveland et al., Appellees.

(No. 78-335—Decided December 6, 1978.)

*Messrs. Jones, Day, Reavis & Pogue, Mr. Raymond J. Durn* and *Mr. Michael A. Nims,* for appellant.

*Mr. Jack M. Schulman,* director of law, and *Mr. Robert McCarthy,* for appellee.

*Mr. Lloyd B. Snyder,* for intervenor-appellees.

*Per Curiam.* Appellant contends that the Court of Appeals misconstrued the zoning provisions pertinent to this controversy and that a variance from the board of zoning appeals is not required prior to the proposed construction. Appellant urges further that the construction of a parking lot is an "accessory use" to the operation of a hospital.

Cleveland zoning ordinance No. 1205-58, effective August 10, 1958, as found in Section 5.11020101 of the zoning code defines "accessory parking space" as:*

"Accessory parking space shall be an area open or enclosed, of not less than one hundred eighty (180) square feet accessible from a street or streets, exclusive of drives or access area and to be used solely for the storage or parking of motor vehicles for use by the owner, tenants, visitors, patients, clients, customers, or employees of the main building, structure or land use. Off-street loading requirements shall not be considered as accessory off-street parking spaces."

Section 5.1109 of the zoning code, in applicable part, provides:

---

*The cited sections of the city zoning code have been superseded by a recodification of the provisions of the code. However, for purposes of consistency, the same section numbers are used here as were used in the Court of Appeals.

"Multi-Family Districts.

"(a) Permitted Buildings and Uses.

"Except as otherwise specifically provided in this Chapter, no building or premises in a Multi-Family District shall hereafter be erected, altered, used, arranged, or designed to be used, in whole or in part for other than one or more of the following specified uses:

"* * *

"5. The following buildings and uses if located not less than 15 feet from any adjoining premises in a Residence District not used for a similar purpose:

"* * *

"5e. Hospitals; sanitariums, nursing, rest or convalescent homes; not primarily for contagious diseases nor for the care of epileptics or drug or liquor patients, nor for the care of the insane or feeble-minded.

"* * *

"6. Accessory uses permitted in a Multi-Family District."

Section 5.1110 of the code, entitled "Accessory Uses in Residence Districts," provides in subsection (a) that the following uses are permitted:

"7. Garages and parking spaces for the occupants of the premises and, when the premises are used for other than residence purposes, for their employees, patrons, and guests.

"* * *

"7b. In Multi-Family Districts, garages and parking spaces erected or established as accessory uses shall be subject to the restrictions specified in Sections 5.1118 to 5.1131 inclusive, of this Chapter."

Subsection (a)7 above indicates that parking spaces are permitted uses within "Residence Districts." Subsection (a)7b provides that such spaces are subject to the restrictions stated in Sections 5.1118 to 5.1131, inclusive. The only applicable section therein relevant to the present controversy is Section 5.1119(c), which provides, inter alia:

"Residence Districts—Permitted Garages and Parking Space.
" * * *

"(c) Parking Lots. When in its opinion the best interests of the community will be served thereby, the Board of Zoning Appeals may permit temporarily or permanently the use of land in a Residence District other than a Limited One-Family District for a parking lot where the land' abuts or is across the street from a District other than a Residence District * * *."

The Court of Appeals held that unless appellant's planned accessory use meets the requirements of Section 5.1119, a variance is required to construct the parking lot. We disagree. Zoning ordinances are in derogation of the common law. They deprive a property owner of uses of his land to which he would otherwise be entitled. Therefore, where interpretation is necessary, such enactments are ordinarily construed in favor of the property owner. 3 Anderson, American Law of Zoning (2d Ed. 1976), 4, Section 16.02; *Pepper Pike* v. *Landskroner* (1977), 53 Ohio App. 2d 63, 76, 371 N. E. 2d 579. Furthermore, in determining the legislative intent of an ordinance, the provision to be construed should not be reviewed in isolation. Its meaning should be derived from a reading of the provision taken in the context of the entire ordinance. *Taft* v. *Zoning Bd. of Rev. of Warwick* (1949), 75 R. I. 117, 64 A. 2d 200; *Kordick Plumbing and Heating Co.* v. *Sarcone* (Iowa 1971), 190 N. W. 2d 115; *Talarico* v. *Conkling* (1975), 168 Conn. 194, 362 A. 2d 862.

In order to determine if a variance is required and what "accessory uses" are authorized in the cause at bar, it is necessary to review Section 5.1110(a)7b in context with preceding applicable provisions. Initially, it is clear from the language of Section 5.1109(a)5e that the construction of a hospital is a permissible use of land within a multi-family district. Moreover, 5.1109(a)6 provides that this land may be used for those "[a]ccessory uses permitted in a Multi-Family District." Subsection (a)7 of Sec-

tion 5.1110 (entitled "Accessory Uses in Residence Districts") authorizes the construction of parking spaces in a "Residence District." "Residence District," as used in Section 5.1110(a), authorizes the construction of parking lots on land which is zoned "Multi-Family." Thus, unless Section 5.1119(c), *supra*, applies to appellant, no variance is needed for the construction of appellant's parking lot. In our opinion, the language of that section renders it inapplicable to appellant's property, which neither abuts nor is across the street from a district other than a residence district.

Accordingly, the judgment of the Court of Appeals with respect to the construction of the proposed parking lot is reversed.

*Judgment reversed.*

LEACH, C. J., HERBERT, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE and W. BROWN, JJ., dissent.