I must respectfully dissent based upon the majority's treatment of appellants' second assignment of error. Specifically, the trial court's finding that the sale of farm tractors did not qualify as the "selling of products pertaining to agriculture" flies in the face of the plain meanings of the words chosen by the Deerfield Township lawmakers. There is no doubt that a tractor is a product "pertaining to agriculture." Moreover, even if there was doubt, any doubt must be resolved in favor of the property owner. In re University Circle, Inc. (1978), 56 Ohio St.2d 180,184.
Thus, I would hold that a new tractor franchise fits within the definition of agribusiness as defined in Article XI of the Deerfield Township Zoning Code. Hence, the appellants' use of their property was an "agricultural use" and, therefore, exempt pursuant to Section 203.11 of the Deerfield Township Zoning Code.
JUDGE WILLIAM M. O'NEILL