JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants City Rose Ltd. ("City Rose") and Buckeye Trailer Sales and Rental, Inc. ("Buckeye Trailer") appeal the decision of the trial court granting summary judgment in favor of plaintiff-appellee, the City of Cleveland, and thus thereby granting injunctive relief in favor of the City. For the reasons that follow, we reverse and remand.
 {¶ 2} City Rose is the owner of a storage yard identified as parcel numbers 112-06-001 and 112-06-002 located on East 140th Street in Cleveland, Ohio. This five-acre tract is leased to Buckeye Trailer. Buckeye Trailer also leases property from City Rose directly across the street from the storage yard at 781 East 140th Street. Employees of Buckeye Trailer report to work at 781 East 140th Street.
 {¶ 3} The City filed a complaint for injunctive relief requesting "that [appellants] be prohibited from using the storage yard until all maneuvering areas are paved as required by Cleveland Codified Ordinance 349.07(a)."[1] The City did not allege that there was insufficient off-street parking for the employees of Buckeye Trailer, nor did they allege that the off-street parking at 781 East 140th Street was in any manner deficient.
 {¶ 4} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The moving party bears the initial burden of informing the court of the basis of the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall,77 Ohio St.3d 421, 1997-Ohio-259. If the moving party discharges its initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v. Wheeler (1998), 38 Ohio St.3d 112. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C). Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 5} Cleveland Codified Ordinances 349.07(a)provides as follows:
 {¶ 6} "Accessory off-street parking spaces, driveways and maneuvering areas shall be properly graded for drainage so that all water is drained within the lot providing such parking spaces, surfaced with concrete, asphaltic concrete, asphalt or similar surfacing material, maintained in good condition and free of debris and trash."
 {¶ 7} It was uncontroverted in the summary judgment practice that the parking and maneuvering areas at 781 East 140th
Street were paved and contained sufficient off-street parking for the employees of Buckeye Trailer, as required by law. It was also uncontroverted that the storage lot in question is not used for off-street parking by Buckeye Trailer. The sole question before this court is whether the owners or occupiers of a storage yard must pave all areas where a vehicle might maneuver.
 {¶ 8} In Saunders v. Zoning Dept. (1981),66 Ohio St.2d 259, 261, the Ohio Supreme Court held that "* * * zoning resolutions are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled. Therefore, such resolutions are ordinarily construed in favor of the property owner. In re Univ.Circle, Inc. (1978), 56 Ohio St.2d 180, 184; Pepper Pike v.Landskroner (1977), 53 Ohio App.2d 63, 76; 3 Anderson, American Law of Zoning (2nd Ed.) 4, Section 16.02."
 {¶ 9} Neither party to this action has led this court to any ordinance, statute or case that requires outdoor storage yards to be paved. The ordinance cited by the City, and by which appellants herein were prosecuted, by its very terms and in context of the Chapter in which it is located, concerns off-street parking for employees.[2]
 {¶ 10} Accordingly, the trial court erred by applying this ordinance to a storage yard and the judgment of the court is reversed.
Reversed and remanded.
This cause is reverse and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellants recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, J., concurs; Ann Dyke, A.J., Dissents.
[1] The City's original complaint cited Chapter 337 of the Codified Ordinances of the City of Cleveland, which is the zoning code for residential districts. The City amended its complaint to cite Chapter 349, which governs industrial districts.
[2] Chapter 349 of the Codified Ordinances of the City of Cleveland deals exclusively with off-street parking; the requirements for such parking, the location of such parking, the required maintenance of the off-street parking, the required lighting for the off-street parking, etc.
 DISSENTING OPINION