[Cite as *WRRS, L.L.C. v. Cleveland*, 2018-Ohio-2129.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105661**

---

**WRRS, L.L.C.**

PLAINTIFF-APPELLANT

vs.

**CITY OF CLEVELAND, ET AL.**

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED; REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-863546

**BEFORE:** Kilbane, P.J., Stewart, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 31, 2018

**ATTORNEY FOR APPELLANT**

Mark J. Vanrooy
20525 Center Ridge Road, Suite 626
Suite 626
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Director of Law
City of Cleveland
By: Patricia McGinty Aston
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


MARY EILEEN KILBANE, P.J.:

**{¶1}** Plaintiff-appellant, WRRS, L.L.C. ("WRRS"), appeals from the trial court's judgment affirming the decision of defendant-appellee, City of Cleveland ("City"), on behalf of the Board of Building Standards ("Board"). For the reasons set forth below, we affirm and remand to the trial court for further proceedings consistent with this opinion.

**{¶2}** WRRS is the owner of property located at 16700 St. Clair Avenue in Cleveland, Ohio. WRRS uses the property as a recycling facility. In 2011, there was a fire that essentially destroyed most of the structures on the property. In July 2011, WRRS was issued four permits to demolish the affected structures. The City closed out the permits in March 2012. In May 2012, the Board had a hearing to review violations on the property. The Board determined that the property was in full compliance. The City did not appeal from the Board's determination.

{¶3} As a result of this fire, WRRS's insurance company deposited $175,000 with the City pursuant to Ohio's fire loss statute. WRRS sought the return of these funds after the permits were closed out and the Board found WRRS in compliance. In October 2015, WRRS retained an attorney, who sent a letter to the City seeking the return of the $175,000. As of the date of this appeal, the City has not returned the funds to WRRS.

{¶4} Then in January 2016, the City of Cleveland Building Department issued WRRS a violation notice for exterior maintenance code violations at the property. The notice cited WRRS for a public nuisance by having steel I-beams, trusses, and piles of rubble and concrete on the exterior of the property without having the proper building permits.

{¶5} WRRS appealed the violation to the Board. The Board scheduled a public hearing on the appeal in April 2016. At the public hearing, the Board heard testimony from the owner and president of WRRS, Frank Lasky ("Lasky"), who believed the notice was improperly issued because the property conditions are the same as they were when WRRS was found to be in compliance at the 2012 hearing. The City of Cleveland's Chief Building Official, a representative from the City's Fire Department, and a City Councilman testified to the conditions on the property and their objections to those conditions.

{¶6} The testimony presented at the hearing revealed that several of the structures on the property were damaged because of a fire in 2011. Lasky obtained four demolition permits for the affected structures. The permits ordered Lasky to raze the buildings and remove all debris from the premises. The City witnesses provided current photographs of the property's condition to the Board. The photographs show piles of debris on the property.

{¶7} At the conclusion of the hearing, the Board found that the notice was valid, "referring to the fact that with the demolition that the rubble is not acceptably left on the

property[.]" The Board then remanded the matter to the City's Division of Building and Housing. The Board adopted their decision in April 2016.

{¶8} In May 2016, WRRS filed an administrative appeal pursuant to R.C. Chapter 2506, challenging the Board's decision.[1] The common pleas court affirmed the Board's decision, finding that it was supported by the preponderance of substantial, reliable, and probative evidence. The trial court stated that it "does not find that the order of the [Board] was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See R.C. 2506.04. Therefore, the order is affirmed."

{¶9} It is from this order that WRRS appeals, raising the following three assignments of error for review.

### Assignment of Error One

The court erred in affirming the [Board's decision] because the [City] failed to appeal [Board] Docket A-361-11 and therefore waived any rights to issue violation citations to [WRRS] for conditions which existed on the subject property on or prior to May 9, 2012.

### Assignment of Error Two

The court erred in affirming the [Board's 2015 decision] under the doctrine of res judicata because conditions which the City deemed to be violations in 2015 had already been litigated and found to be compliant by the [Board] in 2012.

### Assignment of Error Three

The court erred in affirming the [Board's decision] — because the [City] failed to demonstrate that the conditions existing on [WRRS's] property created a health, accident or fire hazard, or were a public nuisance.

---

[1]In June 2016, WRRS filed leave for an amended appeal, adding the City of Cleveland as a party. The trial court granted WRRS's motion in August 2016. Attached and incorporated to WRRS's motion to leave was its amended administrative appeal.

Standard of Review

{¶10} Under R.C. 2506.04, the common pleas courts and the courts of appeals apply different standards of review for administrative appeals. When a party appeals an administrative agency's decision to the common pleas court, the court "considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433.

{¶11} The standard of review to be applied by an appellate court reviewing a judgment of a common pleas court in an R.C. 2506.04 appeal is narrower, more limited in scope, and more deferential to the lower court's decision. *Id.* at 147. A review by the court of appeals is limited to questions of law and does not include the same power to weigh the evidence. *Id.* "The standard of review for the court of appeals in an administrative appeal is designed to strongly favor affirmance. It permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 30.

{¶12} Thus, this court will review the judgment of the trial court only to determine if the lower court abused its discretion in finding that the administrative order was supported by reliable, probative, and substantial evidence. *See Wolstein v. Pepper Pike City Council*, 156 Ohio App.3d 20, 2004-Ohio-361, 804 N.E.2d 75, ¶ 21-22 (8th Dist.). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v.*

*Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶13} In the first and second assignments of error, WRRS argues that the City has waived its right to cite WRRS for any maintenance violations currently existing at the property, and the City is precluded by the doctrine of res judicata because these exterior conditions existed in 2012 when the Board found the property in compliance.[2]

{¶14} Under the doctrine of res judicata, a party is barred "from raising and litigating in any proceeding except an appeal from [a final] judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial * * * or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶15} While the testimony at the Board hearing included the property's history, the issue on appeal is specific as to what was cited in 2016 — the removal of the currently existing debris piles. The Board's 2012 decision on a different violation (poor workmanship) did not waive the City's right, nor was it precluded from finding WRRS in violation for conditions on the property in 2016. Furthermore, WRRS did not include the transcript or photographs from the 2012 hearing to substantiate its claim that the 2016 conditions were the same as the 2012 conditions, which the Board found to be in compliance.

{¶16} The Board's 2012 decision, however, does preclude the City from continuing to withhold the $175,000 WRRS deposited with the City pursuant to Ohio's fire loss statute. In 2012, the Board found the WRRS property to be in compliance after the fire. The City could have appealed from the 2012 decision, but chose not to do so. Thus, the City is now precluded

---

[2]We will treat WRRS's waiver argument to encompass its res judicata argument, even though it did not explicitly argue "res judicata" at the trial court.

under res judicata from challenging the Board's 2012 decision. As a result, the City is ordered to return the $175,000 to WRRS.

**{¶17}** Accordingly, the first and second assignments of error are overruled.

**{¶18}** In the third assignment of error, WRRS agues the City offered no credible evidence that the property presents a health, accident, or fire hazard. WRRS again argues that because the City failed to appeal a prior ruling by the Board, it had no authority to issue the notice for exterior maintenance violations.

**{¶19}** The instant appeal involves only the violation notice issued in January 2016 by the City for the exterior maintenance violations existing at the property at that time. In reaching its decision to affirm the violations, the Board considered testimony from WRRS and City representatives, photographs of the property, the history of the property, including the fire and the demolition of prior buildings at the property, and the current conditions of the property. From this evidence, the Board concluded that there were exterior maintenance violations at the property and that the notice was issued correctly to WRRS for those violations. The trial court affirmed the Board's decision upon concluding that WRRS had not demonstrated that the Board's decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of the evidence. On review, we conclude that the preponderance of substantial, reliable, and probative evidence supports the trial court's decision.

**{¶20}** Accordingly, the third assignment of error is overruled.

**{¶21}** Judgment is affirmed, and the matter is remanded with instructions for the trial court to enter a judgment ordering the City to return to WRRS the $175,000 WRRS deposited with the City in 2012.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
LARRY A. JONES, SR., J., CONCUR