[Cite as *Brendamour v. Indian Hill City Council*, 2021-Ohio-568.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DOUGLAS BRENDAMOUR, | : | APPEAL NOS. C-200023 |
| | | C-200026 |
| BETH BRENDAMOUR, | : | TRIAL NOS. A-1705094 |
| | | A-1705152 |
| DOUGLAS BRENDAMOUR, Trustee, | : | |
| BETH BRENDAMOUR, Trustee, | : | |
| TOM KEREIAKES, Trustee, | : | *O P I N I O N.* |
| KATHRYN ANN WEICHERT KRANBUHL, | : | |
| | : | |
| and | | |
| | : | |
| KATHRYN ANN WEICHERT KRANBUHL, Trustee, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| THE CITY COUNCIL OF THE CITY OF THE VILLAGE OF INDIAN HILL, | : | |
| | : | |
| PLANNING COMMISSION OF THE CITY OF THE VILLAGE OF INDIAN HILL, | : | |
| | : | |
| and | | |
| | : | |
| THE CITY OF THE VILLAGE OF INDIAN HILL, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| ERIC S. KAHN, | : | |

ALLISON A. KAHN,                                  :

ERIC S. KAHN, Trustee,                            :

  and                                    :

ALLISON A. KAHN, Trustee,                         :

      Intervenors-Appellees.            :


Civil Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 3, 2021

*Graydon Head & Ritchey LLP*, and *Michael A. Roberts*, for Plaintiffs-Appellants Douglas and Beth Brendamour, Douglas and Beth Brendamour, Trustees, and Tom Kereiakes, Trustee,

*Barrett & Weber* and *C. Francis Barrett*, for Plaintiffs-Appellants Kathryn Ann Weichert Kranbuhl, and Kathryn Ann Weichert Kranbuhl, Trustee,

*Frost Brown Todd LLC*, *Scott D. Phillips* and *Austin W. Musser*, for Defendants-Appellees the City Council of the Village of Indian Hill, Planning Commission of the City of the Village of Indian Hill, and the City of the Village of Indian Hill,

*Manley Burke, LPA*, *Timothy M. Burke* and *Kathleen F. Ryan*, for Intervenors-Appellees Eric and Allison Kahn, and Eric and Allison Kahn, Trustees.

**WINKLER, Judge.**

{¶1}   These consolidated administrative appeals stem from a decision made by defendants-appellees the City Council of the City of the Village of Indian Hill, Planning Commission of the City of the Village of Indian Hill, and the City of the Village of Indian Hill (collectively "Indian Hill") to grant the residential zoning application of intervenors-appellees Eric and Allison Kahn, and Eric and Allison Kahn, Trustees (collectively the Kahns).

{¶2}   The Kahns purchased a vacant, five-acre lot in Indian Hill and sought Indian Hill's approval to build a home on the property.  Abutting property owners plaintiffs-appellants Douglas and Beth Brendamour, Douglas and Beth Brendamour, Trustees, Tom Kereiakes, Trustee (collectively "the Brendamours"), Kathryn Ann Weichert Kranbuhl, Trustee, and Kathryn Ann Weichert Kranbuhl (collectively "Kranbuhl") objected to the Kahns' zoning application.  Indian Hill approved the Kahns' application, and the Brendamours and Kranbuhl filed complaints in the trial court.  The trial court ultimately upheld Indian Hill's decision, and the Brendamours and Kranbuhl now appeal the trial court's judgment.  For the reasons set forth below, we affirm the judgment of the trial court.

## BACKGROUND AND PROCEDURAL POSTURE

{¶3}   The Kahns purchased an irregularly shaped, five-acre lot located at 9475 Holly Hill Road in Indian Hill.  The parties describe the lot as "lightning-bolt" shaped.   The Kahns filed a zoning application with Indian Hill's planning commission in February 2017 and submitted their plan to build a 10,000 square foot, single-family residence on the lot.  Some of the neighboring property owners voiced concern over the size of the home in relation to the irregular shape of the lot.  Two of the abutting property owners, Kranbuhl and the Brendamours, participated in the

public hearings and opposed the Kahns' application. The planning commission reviewed the Kahns' proposed home site, and held a public hearing on the matter. The planning commission voted to approve the site plan for the Kahn lot. Indian Hill's village council held another public hearing on the matter, and council voted once again to approve the Kahns' site plan.

{¶4} The Brendamours and Kranbuhl filed administrative appeals in the Hamilton County Court of Common Pleas. The Brendamours' complaint alleged that Indian Hill violated the Indian Hill Zoning Code ("IHZC") when it determined that the southernmost lot line on the Kahns' property qualified as the rear lot line. Kranbuhl's complaint also alleged that Indian Hill violated the IHZC in approving the Kahn lot. In addition to the rear-lot-line issue, Kranbuhl alleged that Indian Hill improperly determined that the Kahn lot met the minimum required lot frontage of 250 feet.

{¶5} The trial court consolidated the two actions, and then granted the Kahns' motion to intervene in the action. The matter proceeded before the magistrate. The magistrate determined that the Kahns' proposed residence satisfied the 250-foot lot-frontage requirement in the IHZC. As to the rear lot line of the property, the magistrate determined that Indian Hill violated the IHZC when it determined that the southernmost lot line qualified as the rear lot line.

{¶6} Indian Hill, the Kahns, and Kranbuhl filed objections to the magistrate's decision. The trial court granted Indian Hill's and the Kahns' objections, and determined that Indian Hill had not violated the IHZC when it determined that the southernmost lot line on the Kahn property was the rear lot line. The trial court overruled the remaining objections. Kranbuhl and the Brendamours appealed.

## STANDARD OF REVIEW

{¶7} R.C. 2506.04 governs the standard of review in appeals from an administrative board. R.C. 2506.04 provides that a common pleas court reviewing a decision of an administrative board "may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Although a common pleas court may hold an evidentiary hearing and make factual determinations, it is not a de novo proceeding. *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 24.

{¶8} Administrative appeals taken from the common pleas court to the court of appeals are even more " 'limited in scope.' " *Cleveland Clinic* at ¶ 23, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). R.C. 2506.04 provides that the judgment of the court of common pleas can be appealed to an appellate court only "on questions of law." The Ohio Supreme Court has explained that that an appeal to the court of appeals " 'requires [the] court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence.' " *Cleveland Clinic* at ¶ 23, quoting *Kisil* at 34.

{¶9} In reviewing a zoning ordinance, a court must first apply the plain and unambiguous language of the ordinance. *Cleveland Clinic* at ¶ 29. Just as with any legislative enactment, the words in a zoning code must be accorded their usual, customary meaning. *Village of Terrace Park v. Anderson Twp. Bd. of Zoning Appeals*, 2015-Ohio-4602, 48 N.E.3d 143, ¶ 22 (1st Dist.), citing *Olentangy Local*

*Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086, ¶ 30.

{**¶10**} Moreover, "when applying a zoning provision, a court must not view the provision in isolation; rather, its 'meaning should be derived from a reading of the provision taken in the context of the entire ordinance.' " *Cleveland Clinic*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, at ¶ 35, quoting *Univ. Circle, Inc. v. Cleveland*, 56 Ohio St.2d 180, 184, 383 N.E.2d 139 (1978).

{**¶11**} If a court must interpret the terms of a zoning code, then a court applies the same rules of construction as those applied in reviewing a statute. *Terrace Park* at ¶ 23, citing *City of Columbiana v. J & J Car Wash, Inc.*, 7th Dist. Columbiana No. 04 CO 20, 2005-Ohio-1336, ¶ 32. Because zoning regulations restrict the use of real property, in derogation of the common law, zoning regulations should be strictly construed in favor of the property owners. *Terry v. Sperry*, 130 Ohio St.3d 125, 2011-Ohio-3364, 956 N.E.2d 276, ¶ 19. Finally, courts should defer to the administrative interpretation of a zoning code, unless it is clearly in error. *See, e.g., Access Ohio, LLC v. Gahanna*, 10th Dist. Franklin No. 19AP-64, 2020-Ohio-2908, ¶ 16; *Terrace Park* at ¶ 30.

{**¶12**} With these principles in mind, we address the merits of the appeals.

<u>The IHZC Rear Lot Line</u>

{**¶13**} The Brendamours' sole assignment of error and Kranbuhl's second assignment of error challenge the trial court's judgment upholding Indian Hill's determination that the southernmost lot line on the Kahn property qualified as the rear lot line under the IHZC.

{**¶14**} The Kahn lot abuts Holly Hill at the "front lot line." The lot continues south, and then widens out. At the point where the lot widens, the Kranbuhl

property sits to the north and the Brendamours' property sits to the south. The Kahn lot then narrows again, continuing in a southwesterly direction along the Brendamours' property.



{¶15} The IHZC section 37.22 defines the rear lot line as "[t]he lot line which is generally opposite the front lot line." The IHZC defines the front lot line as "[t]he line separating the lot from the street." IHZC section 37.21. The parties do not dispute Indian Hill's determination that the lot line at Holly Hill qualifies as the front lot line of the Kahn property. The dispute centers on whether the southernmost line is "generally opposite" the lot line at Holly Hill.

{¶16} According to the appellants, the magistrate correctly determined that the line "generally opposite" the front lot line at Holly Hill could only be the lot line abutting the western portion of the Brendamours' property, or the

7

"west/Brendamour line." The magistrate determined that the west/Brendamour line "faced" the front lot line at Holly Hill.

{¶17} By contrast, the Kahns and Indian Hill argue that "generally" confers discretion, and thus, the line furthest from the front lot line could also qualify as a rear lot line. The Kahns and Indian Hill also argue that the southernmost lot line is the most appropriate rear lot line when read in pari materia with the definition of "rear yard." The IHZC section 39.12 defines "rear yard" as "[a] yard extending across the entire width of the lot, between a principal structure and the rear lot line." The proposed Kahn residence is situated at the widest point of the lot, and close to the west/Brendamour line. If the rear lot line of the Kahn property is the west/Brendamour line, as the appellants suggest, then a 500-foot-depth portion of the Kahn property located alongside the back of the Brendamours' property would not qualify as a rear yard.

{¶18} In analyzing the parties' dispute, we must begin with the plain meaning of the terms used in the IHZC. The plain meaning of the term "rear" is "the back part of something." Merriam Webster Online Dictionary, https://www.merriam-webster.com/dictionary/rear (accessed Feb. 23, 2021). In this case, once the Kahns and Indian Hill had established that the property line abutting Holly Hill qualified as the front lot line, then the line located at the back or rear of the property, the southernmost lot line, would be the rear lot line.

{¶19} The IHZC further defines rear lot line as the lot line "generally opposite" the front lot line. IHZC section 37.22. The term "generally" means "usually," and thus the IHZC establishes that the rear lot line will usually, but not always, appear opposite the front lot line. Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/generally (accessed Feb. 23, 2021).

8

"Opposite" means "across from and usually facing or on the same level with." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/opposite (accessed Feb. 23, 2021). Inherent in the language "generally opposite" in the IHZC is the notion that some lots are not perfectly shaped. Although the southernmost lot line is not directly opposite from the front lot line, it is "generally" opposite.

{¶20} Moreover, this court must not examine zoning provisions in isolation, and instead must read them in pari materia. *See Cleveland Clinic*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, at ¶ 35, quoting *Univ. Circle, Inc. v. Cleveland*, 56 Ohio St.2d 180, 184, 383 N.E.2d 139 (1978). As pointed out by Indian Hill, when considering the terms "rear lot line" in the IHZC together with the definition of "rear yard" in IHZC section 39.12, absurd results would be created if the west/Brendamour line qualifies as the rear lot line, because a sizeable portion of the Kahns' property would be located behind their rear lot line.

{¶21} As a result, we determine that the trial court did not err as a matter of law in determining that the southernmost lot line qualifies as the rear lot line under the IHZC. We overrule the Brendamours' first assignment of error and Kranbuhl's second assignment of error.

The IHZC Lot-Frontage Requirement

{¶22} In her first assignment of error, Kranbuhl argues that the trial court erred in determining that the Kahns' zoning application conforms to the IHZC section 63.1., which requires that a one-family dwelling in the "A" zoning district have at least 250 feet of lot frontage.

{¶23} Under the IHZC, lot frontage is calculated using the greater of the following: (1) the length of the front lot line, or (2) "the length of a line substantially

parallel to the front lot line, at the required least front yard depth." IHZC section 37.3. The parties agree that the length of the front lot line for the Kahn lot is only approximately 75 feet, and therefore the second method of calculating lot frontage must apply.

{¶24} The Kahns and Indian Hill argue that in applying the second lot-frontage calculation method under IHZC section 37.3, the necessary first step is to determine the "front yard least depth," which "is the shortest distance, measured horizontally, from the nearest portion of the principal structure * * * to the front lot line." IHZC section 39.111. When a line is drawn horizontally across the depth of the Kahn property from the nearest portion of the Kahns' proposed home, and parallel to the front lot line at Holly Hill, the property has a lot frontage of 375 feet. The 375-foot calculation satisfies IHZC section 63.1., requiring a one-family home in the "A" zoning district to have at least 250 feet of lot frontage.

{¶25} Kranbuhl argues that the trial court erred in applying the "front yard least depth" calculation from IHZC section 39.111. Instead, Kranbuhl argues that the trial court should have applied the "front yard depth" requirement for the "A" zoning district found in IHZC section 63.1, which is 100 feet. If a line is drawn horizontally across the Kahn lot at the 100-foot depth, and substantially parallel to the front lot line at Holly Hill, the Kahn lot would not have the required 250 feet of lot frontage required under IHZC section 63.1.

{¶26} When determining the "required least front yard depth" under IHZC section 37.3, any relevant provisions of the IHZC must be read together. *See Univ. Circle, Inc.*, 56 Ohio St.2d at 184, 383 N.E.2d 139. It follows then that the "required *least* front yard depth" would be determined by applying the definition of "front yard *least* depth" in IHZC section 39.111, and not by applying the "required front yard

10

depth" in IHZC section 63.1. (Emphasis added.) Moreover, Kranbuhl's argument that lot frontage should be determined by the "required front yard depth" as defined in IHZC section 63.1 would mean ignoring the placement of the proposed home on the property. If the required least front yard depth is 100 feet, as Kranbuhl suggests, then the Kahns' five-acre lot is unbuildable without a variance. This court must construe the zoning code in favor of the Kahns as the property owners. *See Terry*, 130 Ohio St.3d 125, 2011-Ohio-3364, 956 N.E.2d 276, at ¶ 19.

{¶27} Therefore, we determine that the trial court did not err as a matter of law in upholding Indian Hill's decision that the Kahns' zoning application satisfied the required lot frontage under the IHZC. We overrule Kranbuhl's first assignment of error.

### CONCLUSION

{¶28} This court must affirm the trial court's judgment upholding Indian Hill's decision to grant the Kahns' zoning application, unless the decision of the trial court is, as a matter of law, not supported by a preponderance of reliable, probative, and substantial evidence. *See Cleveland Clinic*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, at ¶ 23. Because we cannot say that, as a matter of law, the trial court's decision was not supported by a preponderance of reliable, probative, and substantial evidence, we affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON, P.J.,** and **CROUSE, J.,** concur.

Please note:
   The court has recorded its own entry this date.