[Cite as *Pertsinides v. Canton Fair Hous. Comm.*, 2024-Ohio-2057.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| TOM PERTSINIDES, ET AL. | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Appellants | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CITY OF CANTON FAIR HOUSING | : | |
| COMMISSION, ET AL. | : | Case No. 2023 CA 00086 |
| | : | |
| Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:                    Appeal from the Court of Common
                                                                   Pleas, Case No. 2022 CV 01672


JUDGMENT:                                                   Affirmed


DATE OF JUDGMENT:                                   May 28, 2024


APPEARANCES:

For Appellants                                               For Appellees

TONYA J. ROGERS                                       KEVIN R. L'HOMMEDIEU
ANDREA K. ZIARKO                                      TYRONE D. HAURITZ
400 South Main Street                                 CARRY T. D'ANDREA
North Canton, OH  44720                             218 Cleveland Avenue, SW

Canton, OH  44701-4218

*King, J.*

{¶ 1}   Appellants, Tom Pertsinides and AKP Properties, LLC, appeal the July 11, 2023 judgment entry of the Court of Common Pleas of Stark County, Ohio, affirming in part a September 15, 2022 decision of Appellee, City of Canton Fair Housing Commission ("commission").  We affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   AKP Properties manages over 160 rental units.  Mr. Pertsinides is the president of the company.  On August 23, 2021, complainant, Lisa Davis, contacted appellants and inquired about renting housing.  The next day, appellants responded and requested detailed information regarding income, occupants, past eviction history, and pets.  She indicated she had a "service animal," a dog terrier, who was 5, registered, fixed, had shots, and passed a temperament test.  She has the dog because she suffers from several mental health conditions.  Mr. Pertsinides requested documentation for her need for the animal.  On September 8, 2021, while looking at a rental unit on Yale Avenue, Ms. Davis indicated her animal was an emotional support dog and was a Pit Bull Terrier named Bella.  She submitted the requested documentation, but Mr. Pertsinides testified the paper was crumpled and illegible.  He asked for clearer documentation.  Ms. Davis testified the paper she gave him was legible.  She interpreted Mr. Pertsinides's actions as a refusal to rent to her.  Later that day, Mrs. Pertsinides called Ms. Davis and discussed pet insurance with her.  Ms. Davis had no further contact with appellants.

{¶ 3}   On October 19, 2021, Ms. Davis filed a complaint with the commission and the U.S. Department of Housing and Urban Development ("HUD"), claiming appellants violated the Canton Fair Housing laws.  An investigation determined probable cause of

fair housing violations. A hearing before a hearing officer was held on May 24, 2022. By findings of fact, conclusions of law, and recommendations filed September 6, 2022, the hearing officer found appellants engaged in unlawful discriminatory housing practices under four sections of the City of Canton Housing Code, and recommended an award of $15,000 to Ms. Davis for her emotional distress and a civil penalty of $7,700. By order signed September 15, 2022, the commission adopted the hearing officer's decision.

{¶ 4}   Appellants filed an appeal to the Court of Common Pleas of Stark County. By judgment entry filed July 11, 2023, the trial court affirmed the commission's findings and the civil penalty, but reversed the emotional distress award.

{¶ 5}   Appellants filed an appeal with the following assignments of error:

I

{¶ 6}   "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY AFFIRMING THE COMMISSION'S DECISION AWARDING A CIVIL PENALTY AGAINST APPELLANTS WHEN THE RECORD AS A WHOLE DOES NOT SUPPORT THE FINDING THAT APPELLANTS REFUSED TO PROVIDE A REASONABLE ACCOMMODATION PURSUANT TO THE CANTON CITY FAIR HOUSING CODE AND THE FEDERAL FAIR HOUSING ACT."

II

{¶ 7}   "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY AFFIRMING THE COMMISSION'S DECISION AWARDING A CIVIL PENALTY AGAINST APPELLANTS WHEN THE RECORD AS A WHOLE DOES NOT SUPPORT THE FINDING THAT APPELLANT'S CONDUCT WAS DISCRIMINATORY UNDER THE CANTON CITY FAIR HOUSING CODE AND THE FEDERAL FAIR HOUSING ACT."

STANDARD OF REVIEW

{¶ 8}   In reviewing an administrative appeal under R.C. 2506.04, a common pleas court considers the whole record and determines whether the administrative order is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."

{¶ 9}   As an appellate court, our standard of review to be applied in an R.C. 2506.04 appeal is "limited in scope."  *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984).  "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of the substantial, reliable, and probative evidence,' as is granted to the common pleas court."  *Id.* at fn. 4.  *See also Henley v. Youngstown Board of Zoning Appeals*, 90 Ohio St. 3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433.

{¶ 10} Although a court of appeals reviews a trial court's legal decisions de novo, a court of appeals applies the more deferential abuse of discretion standard to a trial court's factual determinations.  *See Willow Grove, Ltd. v. Olmsted Township Board of Zoning Appeals*, 169 Ohio St. 3d 759, 764, 2022-Ohio-4364, 207 N.E.3d 779.  *See also Henley* at 148 ("Accordingly, the court of appeals did not exceed the proper scope of review under that statute when it sought to determine whether Section 80 applied to the undisputed facts in the record, or whether the common pleas court abused its discretion by failing to apply Section 80").

{¶ 11} "[T]he standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance" and "permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Cleveland Clinic Foundation v. Cleveland Board of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 30.

I, II

{¶ 12} In their two assignments of error, appellants claim the trial court erred in affirming the commission's assessment of a civil penalty. Specifically, appellants claim the record does not support the finding that under the Canton City Fair Housing Code and the Federal Fair Housing Act, they refused to provide a reasonable accommodation and their conduct was discriminatory. We disagree.

{¶ 13} Ms. Davis filed a complaint alleging several violations of the fair housing laws. In his September 6, 2022 decision, adopted by the commission on September 15, 2022, the hearing officer found appellants engaged in unlawful discriminatory housing practices under four sections of the City of Canton Housing Code which incorporates the Fair Housing Act:

{¶ 14} (1) Section 515.03(a)(1): It is unlawful to "[r]efuse to sell, or rent after the making of a bona fide offer, or refuse to negotiate for the sale or rental of, or to otherwise deny, withhold or make unavailable, housing accommodations, because of the race, color, religion, sex, ancestry, handicap, familial status, military status, national origin, sexual orientation or gender identity."

{¶ 15} (2) Section 515.03(b)(2): Discrimination includes "[a] refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."

{¶ 16} (3) Section 515.03(a)(4): It is unlawful to "[d]iscriminate against any person in the terms, conditions or privileges of selling, transferring, assigning, renting, leasing or subleasing any housing or in the furnishing of facilities, services or privileges in connection with the ownership, occupancy or use of any housing because of the race, color, religion, sex, ancestry, handicap, familial status, military status, national origin, sexual orientation or gender identity."

{¶ 17} (4) Section 515.03(a)(6): It is unlawful to "[p]rint, publish, circulate or otherwise make or cause to be made any statement or advertisement relating to the sale, transfer, assignment, rental, lease, sublease or acquisition of any housing or the loan of money, whether or not secured by mortgage or otherwise, for the acquisition, construction, rehabilitation, repair or maintenance of housing which indicates any preference, limitation, specification or discrimination based upon race, color, religion, sex, ancestry, handicap, familial status, military status, national origin, sexual orientation or gender identity, or an intention to make any such preference, limitation or discrimination."

{¶ 18} The parties agree federal case law applies to violations of Canton's Fair Housing Code. *Eva v. Midwest National Mortgage Bank, Inc.,* 143 F.Supp.2d 862, 890-891 (N.D.Ohio 2001). As such, these cases follow a three-part burden shifting approach: a plaintiff must "first establish a *prima facie* case of discrimination. Then, in response, the defendant must offer a legitimate nondiscriminatory reason for the housing decision

made. Finally, the plaintiff must show that the proffered reason is a pretext that masks discrimination." *Mencer v. Princeton Square Apartments,* 228 F.3d 631, 634 (6th Cir.2000), referencing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

## REASONABLE ACCOMODATIONS

{¶ 19} In order to show a failure to reasonably accommodate a disability claim, a plaintiff must prove: "(1) she suffers from a disability within the meaning of FHA; (2) the defendant knew or reasonably should have known of the disability; (3) the requested accommodation may be necessary to afford 'an equal opportunity to use and enjoy the dwelling;' (4) the accommodation is reasonable; and (5) the defendant refused to make the accommodation." *Overlook Mutual Homes, Inc. v. Spencer,* 415 Fed.Appx. 617, 621 (6th Cir.2011).

{¶ 20} Appellants argue there was not substantial or reliable evidence that they knew of Ms. Davis's disability or her need for an emotional support dog on September 8, 2021. Appellants' Brief at 13. In their own "Statement of the Case," appellants state Ms. Davis contacted them on August 23, 2021, to inquire about housing and notified them "at that time" that she had an emotional support dog. *Id.* at 1. The notification prompted appellants to ask for documentation for her need for the animal. Appellants argue Ms. Davis "produced a crumpled, illegible piece of paper" which could not be deciphered. *Id.* at 13. But the trial court noted there was conflicting testimony. Ms. Davis testified she gave appellants a legible letter dated November 20, 2020, from Phoenix Rising Behavioral Healthcare and Recovery, Inc. indicating her need for the dog (Exhibit 1).

{¶ 21} The trial court noted the following:

> [T]he Court may question whether conflicting testimony can give rise to a preponderance of substantial, reliable, and probative evidence. However, "when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body, which, as the fact-finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility." *Appeal of Four Winds Nursing Facility,* 4th Dist. Jackson No. 448, 1982 WL 3510, *5.  (Additional citations omitted.)

{¶ 22} With the conflicting testimony, the trial court deferred to the commission's finding that appellants knew or reasonably should have known of the disability.  Given that Ms. Davis gave notice of her need for her dog when she first contacted appellants, we do not find the trial court abused its discretion in doing so.

## DISCRIMINATORY CONDUCT

{¶ 23} Appellants argue Ms. Davis did not show she was discriminated against because of her disability.  They argue the reason she did not receive housing "was *solely* due to her failure to complete the application process with all the necessary paperwork." (Emphasis sic.)  Appellants' Brief at 19.  She was not refused housing, her request "was never processed because she never provided necessary documentation. *Id.* at 20.

{¶ 24} But the commission found Ms. Davis did not submit her application after Mr. Pertsinides reviewed her letter and informed her that she could not have her emotional

support dog reside with her "because of the other tenants." She testified, "[a]nd when he told me I couldn't have her, I kept my application and told him, 'I guess there's no use in me giving this to you,' and I left." May 24, 2022 Commission Hearing T. at 17. She did not submit all of her paperwork because she was impliedly denied at the start. The trial court determined if Ms. Davis's testimony was in fact true, then it demonstrates that appellants refused to accommodate her. Again, the trial court deferred to the commission's findings and we do not find it abused its discretion in doing so.

{¶ 25} Appellants take issue with the commission's focus on the breed of dog, a Pit Bull Terrier. In support, appellants cite to a 2020 HUD notice that states housing providers cannot limit the breed or size of an emotional support dog, but "can, as noted, limit based on specific issues with the animal's conduct because it poses a direct threat or a fundamental alteration." Appellants' Brief at 20. But Mr. Pertsinides admits he never investigated whether the dog was vicious because it "never got that far" since Ms. Davis failed to provide proper documentation or submit an application, two issues already addressed and resolved. *Id.* at 21.

{¶ 26} In order to establish discrimination, a plaintiff must show: (1) plaintiff is a member of a protected class; (2) plaintiff applied to and was qualified to rent certain housing; (3) plaintiff was rejected; and (4) the housing remained available thereafter. *Groach Associates #33, L.P. v. Louisville/Jefferson County Mero Human Relations Commission,* 508 F.3d 366, 371 (6th Cir.2007).

{¶ 27} Appellants argue there was a lack of probative or reliable evidence to show Ms. Davis was qualified to rent the Yale Avenue unit and that she submitted an application. But appellants indicated to Ms. Davis that they would check to see if she

qualified and requested detailed information regarding income, occupants, past eviction history, and pets. Thereafter, she was notified of the application fee and was shown several rental units. Mr. Pertsinides testified "[w]e do pre-qualify people before we show the property." May 24, 2022 Commission Hearing T. at 57. The trial court could not find the commission's "reliance upon this information and determination in this regard was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of substantial, reliable, and probative evidence." July 11, 2023 Judgment Entry at 8.

{¶ 28} As for whether Ms. Davis was rejected, appellants argue the process never went that far because she never provided the proper documentation and an application. Again, that has already been reviewed. The Yale Avenue unit was available to rent as appellants rented it to another tenant. May 24, 2022 Commission Hearing T. at 63.

{¶ 29} We do not find the trial court abused its discretion or erred in finding Ms. Davis established a prima facie case of discrimination.

{¶ 30} The trial court went on to analyze appellants' burden to show a legitimate, nondiscriminatory reason for their decision. The reason being the continued argument of a lack of proper, legible documentation regarding the need for the animal. We've already determined the trial court did not abuse its discretion in deferring to the commission's decision on the conflicting testimony.

DISCRIMINATORY ADVERTISING

{¶ 31} Appellants argue the commission failed to show a discriminatory advertising violation. Appellants argue there is no evidence of a written advertisement or statement.

{¶ 32} A prima facie case for discriminatory advertising must show: (1) a statement within the meaning of section 3604(c); (2) that indicates any preference, limitation, or discrimination based on a protected class; and (3) made with respect to the sale or rental of a dwelling. *Campbell v. Robb,* 162 Fed.Appx. 460, 466 (6th Cir.2006).

{¶ 33} The trial court determined the advertisement is not required to be written and noted section 3604(c) "applies to all written or oral notices or statements by a person engaged in the sale or rental of a dwelling." *Id.*, quoting 24 C.F.R. 100.75(b). The trial court concluded a preponderance of substantial, reliable, and probative evidence demonstrated appellants committed discriminatory advertising. We do not find the trial court erred in its determination.

{¶ 34} Appellants challenge the civil penalty imposed, arguing the amount of $7,700 was arbitrary. Canton Codified Ordinance 515.09(a)(2)(A) provides for a fine not to exceed $11,000 if a prior unlawful discriminatory housing practice has not occurred. The trial court affirmed the commission's finding of unlawful discriminatory housing practice and found the civil penalty imposed was authorized by the Canton Housing Code. The trial court did reverse the $15,000 award for emotional distress. We do not find the trial court erred in its decision.

{¶ 35} Lastly, appellants argue they did not receive a fair administrative hearing in violation of their due process rights. Appellants argue Mr. Pertsinides was unaware the hearing was an evidentiary hearing, he was denied an attorney, and he was not permitted to introduce relevant evidence. The trial court noted the "prerequisites to a proper administrative hearing that ensures protection of due process rights are enumerated at R.C. 2506.03(A)(1)-(5)" and the parties agreed none of the factors applied.

{¶ 36} Upon review, we find the trial court did not abuse its discretion on its factual determinations and did not err in its application or interpretation of the law.  We do not find the trial court's decision is unsupported by a preponderance of the evidence as a matter of law.

{¶ 37} Assignments of Error I and II are denied.

{¶ 38} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By King, J.

Delaney, P.J. and

Baldwin, J. concur.